LOTTINGER, Judge.
This is a suit in workmen’s compensation wherein petitioner, C. R. Helms, seeks to recover for permanent and total disability. The suit is against the Insurer, Employers Mutual Liability Insurance Company of Wisconsin. The employer, Teche Construction Company, Inc. is not joined as a defendant. The Lower Court rendered judgment in favor of petitioner and against the defendant for the sum of $30 per week for the duration of disability, not to exceed four hundred (400) weeks. The defendant has taken an appeal.
The only question raised on this appeal is that to the extent of disability of petitioner. There is no question but that he •did sustain an injury for which recovery is allowed under the Louisiana Workmen’s •Compensation Act, LSA-R.S. 23:1021 et •seq.
The record shows that two medical experts testified as to the extent of the injuries received by the petitioner. Dr. Jack Wickstrom, an orthopedic surgeon of New Orleans, Louisiana testified that he made an examination of the petitioner on March 16, 1955. This examination was some thirteen (13) months after the accident which occurred on Febuary 25, 1954. Dr. Wickstrom testified that in his opinion the petitioner could probably return to his occupation as a rig builder, but qualified his opinion with the statement that: “I am certain he would experience pain in his knee if he engaged in persistent climbing of ladders and walking on uneven ground and so on and so forth. I am firmly convinced that it would not be the way I would manage a case of this sort. If I had the choice, I would rather not have a patient of mine climbing ladders.” Dr. Wickstrom estimated the disability of the petitioner, as a result of the accident, as follows: Disability of the knee — 45%; disability of the body as a whole — 11.3%; and disability of the leg — 28.3%.
Dr. Muhleman, an orthopedic surgeon of Lafayette, Louisiana cared for the petitioner during the course of hospitalization prior to the time that he was discharged from medical care. Dr. Muhleman, who testified on the behalf of the defendant, estimated the disability of petitioner at thirty (30%) per cent, which he testified covered a pre-existing condition, as well as an aggravation thereto by virtue of the accident.
The facts show that the petitioner was a pusher in a rig building crew of an oil field construction company prior to the accident. As such, he was the foreman of a crew of six (6) men, whose job was to construct drilling rigs. During the course of his job it was necessary for him to climb derricks, work on scaffolds and on derricks, and do hard manual labor while in various bending positions. He was also required to lift equipment of great weight and to work in swamps and marshes.
On February 25, 1954, petitioner sustained a severe injury to his left knee, requiring an operation, as well as hospitalization for a period of some twelve (12) days. On August 4, 1954, Dr. Muhleman discharged the petitioner and advised him that he could return to work. The petitioner returned to work on August 10, 1954 and worked for a period of thirty-three (33) days. Because of extreme pain and suffering, and his inability to safely perform his work, petitioner was forced to terminate his employment.
*48 The question presented is whether, in 'the light of the above-mentioned medical testimony, together with the lay testimony, the petitioner is permanently and totally disabled under the provisions of the ■ Workmen’s Compensation Law. There are •many cases to the effect that a claimant is considered disabled if he can only perform the duties of the employment in which he was engaged at the time of the accident with pain and suffering. Certainly the Compensation Law would not require an injured employee to continue in his work when same can only be performed with pain and suffering. Furthermore, the Act would not require an injured employee to perform work under such conditions as might render it hazardous for his own safety as weM as that of his fellow employees. In Brannon v. Zurich General Accident and Liability Insurance Company, 224 La. 161, 69 So.2d 1, the Court said as follows :
“In the light of the facts in the instant case, the plaintiff is, in our opinion, permanently and totally disabled within the meaning and contemplation of this law. The law does not expect, and it does not contemplate that a worker, in order to make a living, must work in pain, or that he do so when it will materially increase not only the hazards of his own health and safety, but also to those of his fellow employees. This is the settled jurisprudence of all of the appellate courts of this state * * 224 La. 161, 69 So.2d 1, 3.
In addition to the medical testimony which we have set forth above, Paul Foreman, a co-worker with the petitioner, testified that he performed work with petitioner after the petitioner had returned to work following the accident. He testified that petitioner’s job required heavy lifting of materials, considerable bending, and considerable climbing. Fie further testified •that, following the accident, the petitioner did not himself perform all the duties of a pusher, and that of those duties that he did perform, they wer.e done under pain. He stated that petitioner would “catch his •leg” often as well as complaining about his leg bothering him.
The defendant complains of the testimony of two co-employees of the petitioner who were called by petitioner for cross-examination under the Act. The defendant timely objected to said cross-examination because .the employer was not a party to the suit, and complained that, as the suit was a direct one against the insurance company, these witnesses, who were employees of the employer, could not be called under cross-examination under the provisions of LSA-R.S. 13:3663. The Lower Court held in favor of petitioner, and based its decision on the medical testimony, together with the testimony of petitioner and that of Paul Foreman. The Lower Court gave no weight whatsoever to the witnesses called for cross-examination under the Act. We feel, as did the Lower Court, that the medical testimony, together with that of petitioner and of witness Foreman, is sufficient to show the requisite disability, without considering the testimony of the witnesses called under the Act.
One of the doctors estimated the disability to petitioner’s knee at thirty (30%) per cent, and the other doctor at forty-five (45%) per cent. Considering the type of employment of petitioner, especially the fact that he was required to lift heavy equipment, to do substantial climbing on derricks, together with other duties which must necessarily be performed by a tool pusher, we feel that the petitioner has shown such disability as would bring him within the provisions of the Workmen’s Compensation Act. Even though he could physically perform eacli and every task required, the Act does not call upon him to do such work, when he can only do so under great pain, or with great hazard to his own safety and that of others.
The petitioner asked for penalty and attorney fees below. The Lower Court *49 did not grant them because they did not find that the defendant acted capriciously or arbitrarily in refusing to pay compensation to petitioner after August 12, 1954. We find no error in the holding of the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all cost of this appeal to be paid by the defendant.
Judgment affirmed.